FILED

JAN 2 3 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | I N D I C T M E N T |
| | ) | |
| Plaintiff, | ) | **1:25 CR 00027** |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | Title 18, United States Code, |
| LOGAN STANFORD, | ) | Sections 875(c), 2261A(2)(B) |
| | ) | and 2261(b)(5) |
| Defendant. | ) | **JUDGE NUGENT** |

GENERAL ALLEGATIONS

The Grand Jury charges:

At all times relevant to this Indictment:

1.    The Defendant LOGAN STANFORD was a resident of Shelby, Ohio.

2.    Twitter, Inc. (rebranded as X on July 23, 2023 and herein referred to as Twitter/X), was a provider of an interactive computer service, an electronic communication system and an electronic communication service engaged in interstate and foreign commerce, with a data center located outside the state of Ohio. Twitter/X, was a social media platform based in San Francisco, California. As part of its platform, Twitter/X also provided a direct messaging option.

3.    Meta Platforms, Inc., dba Facebook, was a provider of an interactive computer service, an electronic communication system and an electronic communication service engaged in interstate and foreign commerce, with data center located outside the state of Ohio. Facebook was a social media platform based in Melo Park, California. Facebook also provided a direct messaging option through Facebook Messenger.

4.     Google, LLC was a provider of an interactive computer service, an electronic communication system and an electronic communication service engaged in interstate and foreign commerce, with a data center located outside the state of Ohio. Google provided email services (Gmail) to users and was headquartered in Mountain View, California.

5.     Yahoo! was a provider of an interactive computer service, an electronic communication system and an electronic communication service engaged in interstate and foreign commerce, with a data center located outside the state of Ohio.

6.     M.H. was an individual known to the Grand Jury but not named herein with a social media account on Twitter/X and a Yahoo! email account.

7.     On November 5, 2021, LOGAN STANFORD was served with a Protection Order from the Richland County Court of Common Pleas, restraining him from assaulting, threatening, abusing, harassing, following, interfering, or stalking M.H. and M.H.'s family, through personal, written, or telephonic communication.  This protection order was put in place for the period of November 5, 2021, through October 21, 2023.

8.     J.S. was an individual known to the Grand Jury but not named herein, with a social media account on Twitter/X.

9.     C.C. was an individual known to the Grand Jury but not named herein, with a social media account on Facebook.

<u>STANFORD'S COURSE OF CONDUCT</u>

10.     From in or around September 1, 2021, through 2024, LOGAN STANFORD engaged in a course of conduct designed to cause substantial emotional distress to M.H., J.S. and C.C.

11.     In carrying out this course of conduct, LOGAN STANFORD used Twitter/X, and the monikers @JimWest192, @Jimritz74, @JimRussel26, Tim Best, Mike Hawk, Mark, John Stamos, John Ramos, Tom Saller to send threatening, harassing, and intimidating messages to M.H.

12.     In carrying out this course of conduct, LOGAN STANFORD used the email accounts loganstanford55@gmail.com, lstanford120@gmail.com, loganstanford39@gmail.com, loganstanford42@gmail.com, loganstanford115@gmail.com, jappleseed443@gmail.com, loganstanford932@gmail.com, to send threatening, harassing and intimidating emails to M.H.

13.     In carrying out this course of conduct, LOGAN STANFORD used the Twitter/X moniker @MickeyP1861401 to send threatening, harassing and intimidating emails to J.S.

14.     In carryout this course of conduct, LOGAN STANFORD used the Facebook account "Logan Stanford," "Jimmy Johns," "Facebook User," and "Logan Michael" to send threatening, harassing and intimidating emails to C.C.

15.     Many of the messages sent by LOGAN STANFORD to M.H., J.S. and C.C. were sexual and violent in nature, as well as repetitive and voluminous, such that they caused, attempted to cause and would be reasonably expected to cause substantial emotional distress to the recipient(s).

<u>COUNT 1</u>
Cyberstalking
(18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5))

The Grand Jury further charges:

16.     The factual allegations of Paragraphs 1 through 15 of this Indictment are hereby re-alleged and incorporated as if set forth fully herein.

3

17.     On or between September 1, 2021, through May 31, 2024, in the Northern District of Ohio, Eastern Division, Defendant LOGAN STANFORD, with the intent to harass and intimidate M.H., used an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, namely Twitter/X accounts and Google Mail (Gmail) accounts, to engage in a course of conduct, to wit, the course of conduct alleged in Paragraphs 1 through 15 of this Indictment, that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to M.H., in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(5).

COUNT 2
Cyberstalking
(18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5))

The Grand Jury further charges:

18.     The factual allegations of Paragraphs 1 through 15 of this Indictment are hereby re-alleged and incorporated as if set forth fully herein.

19.     On or between May 1, 2023, through July 9, 2023, in the Northern District of Ohio, Eastern Division, Defendant LOGAN STANFORD, with the intent to harass and intimidate J.S., used an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, namely a Twitter/X account, to engage in a course of conduct, namely the course of conduct alleged in Paragraphs 1 through 15 of this Indictment, that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to J.S., in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(5).

<u>COUNT 3</u>
Cyberstalking
(18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5)

The Grand Jury further charges:

20.     The factual allegations of Paragraphs 1 through 15 of this Indictment are hereby re-alleged and incorporated as if set forth fully herein.

21.     On or between November 1, 2021, through May 31, 2024, in the Northern District of Ohio, Eastern Division, Defendant LOGAN STANFORD, with the intent to harass and intimidate C.C., used an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, namely Facebook and Facebook Messenger accounts, to engage in a course of conduct, namely the course of conduct alleged in Paragraphs 1 through 15 of this Indictment, that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to C.C., in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(5).

<u>COUNT 4</u>
Interstate Threatening Communications
(18 U.S.C. §875(c))

The Grand Jury further charges:

22.     The factual allegations of Paragraphs 1 through 15 of this Indictment are hereby re-alleged and incorporated as if set forth fully herein.

23.     On or about July 9, 2023, the Defendant, LOGAN STANFORD, in the Northern District of Ohio, Eastern Division, and the State of Georgia, and elsewhere, transmitted in interstate and foreign commerce a communication containing any threat to injure the person of another, to wit, Defendant LOGAN STANFORD sent text messages by means of a

communication in interstate commerce to J.S., an individual known to the grand jury but not named herein, containing the threat to injure J.S. and her roommate as follows: "I'll strangle your roommate too. You're gonna have blood on your hands," and "I'm heading to Atlanta to pull a Bryan Koehberger, mass apartment slaying."

All in violation of Title 18, United States Code, Section 875(c).

### COUNT 5
Interstate Threatening Communications
(18 U.S.C. §875(c))

The Grand Jury further charges:

24.     The factual allegations of Paragraphs 1 through 15 of this Indictment are hereby re-alleged and incorporated as if set forth fully herein.

25.     On or about May 31, 2022, Defendant, LOGAN STANFORD, in the Northern District of Ohio, Eastern Division, and elsewhere, transmitted in interstate and foreign commerce a communication containing any threat to injure the person of another, to wit, Defendant LOGAN STANFORD sent a message by means of a communication in interstate commerce to C.C., an individual known to the grand jury but not named herein, containing the threat to injure C.C. as follows: "May I please violently describe murdering you without you wigging out?"

All in violation of Title 18, United States Code, Section 875(c).

### COUNT 6
Interstate Threatening Communications
(18 U.S.C. §875(c))

The Grand Jury further charges:

26.     The factual allegations of Paragraphs 1 through 15 of this Indictment are hereby re-alleged and incorporated as if set forth fully herein.

27.     On or about June 13, 2023, Defendant, LOGAN STANFORD, in the Northern District of Ohio, Eastern Division, and elsewhere, transmitted in interstate and foreign commerce a communication containing any threat to injure the person of another, to wit, Defendant LOGAN STANFORD sent a message by means of a communication in interstate commerce to the boyfriend of C.C. and to C.C., individuals known to the grand jury but not named herein, containing the threat to injure C.C. as follows:  ""Im going to her dads. ███████ dr. Rip ciera. Im gonna slice n dice that bitch" and "He threw you to the wolves. Left you to be eaten by me."

All in violation of Title 18, United States Code, Section 875(c).

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.

7